IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Cr. No.  19-10114-STA

MATTHEW BERRY,

    Defendant.

_____

DEFENDANT'S POSITION WITH REGARD TO SENTENCING FACTORS
AND SENTENCING MEMORANDUM
_____

COMES NOW, Defendant Matthew Berry, by and through her appointed counsel, Jawara Griffin, Assistant Federal Public Defender, pursuant to Federal Rule of Criminal Procedure 32, Local Criminal Rule 32.1, and USSG § 6A1.2(b), and submits the following Position Paper with respect to the sentencing in this case.

**I. Defense Counsel Certification**

Undersigned counsel received Mr. Berry's Presentence Investigation Report ("PSR") on or about November 3, 2020. Counsel and Mr. Berry have reviewed this document. Counsel has communicated the following position to the probation officer and Assistant United States Attorney in the form of a copy of this document.

**II. The Sentencing Hearing**

It is estimated that the sentencing hearing will take approximately two hours.

**III. Sentencing Factors in Dispute**

    A. Factual Objections/Correction

1. Mr. Berry objects to paragraph 14 of the Presentence Investigation Report.
2. Mr. Berry objects to paragraph 22 of the Presentence Investigation Report
3. Mr. Berry objects to paragraph 24 of the Presentence Investigation Report.

    B. Legal Objections

1. Mr. Berry objects to paragraph 22 of the Presentence Investigation Report calculating a 2 level increase pursuant to USSG 2G2.2(b)(3)(F), as he did not engage in distribution of child pornography, other than distribution described in subdivisions (A) through (E).

> The United States Sentencing Guidelines defines "Distribution":
>
>> as any act, including possession with intent to **distribute**, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant. U.S. v. Bolton, 669 F.3d 780, 782 (2012)

There are no facts alleged to support or suggest that Mr. Berry has engaged in any form of "distribution" as defined by the United States Guidelines

**IV.   Position as to Sentencing and Recommendations**

1. **Family Dynamic**

Matthew Berry was born March 5, 1979 in Memphis, Tennessee to Priscilla Anne Apperson and Omer Evon Berry. Matthew's parents were married on August 18, 1973. Matthew has one brother, Michael Berry. Matthew is the younger of the two. The family lived in Memphis, TN until Matthew was in the 3rd Grade. When Matthew was in the 3rd grade, the family moved to Collierville, Tennessee.

2. **Early Years**

Matthew grew up in a very loving and nurturing environment. He states that he had a stable childhood and all his needs were always met. Matthew was very close with his brother. Matthew states that his parents made sure that both he and his brother knew they were loved. They both worked their jobs and still made time for the family. Matthew's mother, a nurse, and father worked in an office, still managed to get home after work and cook a meal to place on the table as often as possible. Mr. Berry stated that he "strived" to be like his parents as much as he could. Mr. Berry's father was more of the disciplinarian. He would enforce all the rules of the home, monitored curfew and delved out any discipline necessary. Matthew states, chores he and his brother had to do were mow the lawn, help with laundry, vacuum and help with after dinner cleanup. Matthew's mother was the nurturer. As Matthew puts it, "because that is what mother's do."

### 3. Education

Mr. Berry attended public school initially in Memphis and then in Collierville when the family moved. While in High School Matthew was a member of the school band where he played the trumpet, euphonium and baritone horn.

From all accounts Matthew was a good student that always showed promise. Matthew scored a 30 on his ACT distinguishing him from many other students. Matthew graduated from Collierville High School.

After graduation Matthew initially attended the University of Mississippi where he remained for two years. After the University of Mississippi, Matthew attended the University of Memphis. Subsequently, Matthew attended Southwest Community College for two years. Lastly, Matthew took several courses online at Columbia Southern University.

Although he went to college and has many hours, Mr. Berry never was able to get his degree. However, when he was at Southern Tennessee Community College he was a member of the Phi Theta Kappa Honor Society and he also made the Dean's List.

### 4. Employment

Matthew has dedicated his life to public service by way of law enforcement. Matthew started his career in Corrections as a Correctional Officer with Corrections Corporation of America in Hardeman County, Tennessee. Due to his dedication and strong work ethic, Matthew promoted up the ranks. Initially, he was promoted to

senior correctional officer and shortly thereafter he was promoted to the rank of sergeant.

Matthew left Corrections Corporation of America and accepted a position with the Brownsville Police Department as a patrolman in Brownsville, Tennessee. Matthew remained with Brownsville Police Department just short of three years. Matthew next worked at Lauderdale County Sheriff's Department as a Deputy Sheriff. Matthew remained there for three and a half years. Matthew then had a short stint with the Halls Police Department as a police officer. Matthew's last stint in law enforcement was with the Crockett County Sheriff's Department as a Deputy Sheriff.

Throughout Matthew's time in law enforcement he enjoyed a reputation for being an outstanding officer. He has never faced any disciplinary action due to complaints by the public for whom he was charged with protecting and serving.

### 5. Family Life

Matthew met his wife, Laura Berry at a church event in August 2001. Within two years they were engaged and married on December 27, 2003. Matthew and Laura have 3 children, Gregory who is 13. Jacob who is 8 and Elizabeth who is 4.

Gregory is diagnosed as being a high functioning on the autism spectrum. Gregory is also diagnosed with Attention Deficit Hyperactivity Disorder. Jacob suffers from asthma. Elizabeth suffers from chronic ear problems. Due to the

current situation the children reside with Laura.  However, Matthew spends quality time with his children mainly on weekends and talks to them daily on the phone.

### 6. <u>18 U.S.C. § 3553</u>

Under 18 U.S.C. § 3553 the court shall impose a sentence sufficient, but not greater than necessary…  The court shall consider

1. The nature and circumstances of the offense and the history and characteristics of the defendant
2. The need for sentence imposed
   A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense
   B. To afford adequate deterrence to criminal conduct
   C. To protect the public from further crimes of the defendant and
   D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

When considering the nature and circumstances of the offense and the history and characteristics of the defendant, we start from the position that this is Matthew's first ever contact with the criminal justice system.  Prior to this incident Matthew has lived a law-abiding life and served the public throughout his professional career as a law enforcement agent.  Matthew maintained a spotless

record during his time in law enforcement. It is also important to note that the current situation was not committed during the carrying out of his duties, serving the public.

Next, when we consider specific nature and circumstance of the offense, it is important to note that Matthew was only indicted and subsequently pled guilty to possession. Matthew was not distributing or producing child pornography. His crime is the least of the category. His actions are not excusable, however, it must be properly categorized for the purpose of an effective sentence that is not greater than necessary.

Matthew understands that his crime will require a prison sentence. Matthew believes the any calculation made using the sentencing guidelines would be excessive. The mere fact that a lengthy prison sentence will be given it will definitely serve as an adequate deterrence to any further criminal conduct.

As a condition of Matthew's pre-trial release, he was ordered to stay off of all internet services. Whenever Matthew completes his prison sentence, this requirement can remain as a measure to protect the public from Matthew. Additionally, here will be a requirement for Matthew to register as a sex offender. This will allow all law enforcement to know his whereabouts as well as any potential neighbors. This is another measure that will assist in protecting the public.

## V. CONCLUSION

Mr. Berry contends that his offense level after calculating the appropriate enhancements is 35. However, due to his acceptance of a responsibility, his level is decreased by 3 which makes is offense level 32. Mr. Berry has no prior contact with the criminal justice system and thus his prior criminal history calculation 0 putting him in Category 1. The guideline range for Mr. Berry is 121 – 151 months.

Although a sentencing range is established using the calculation from the sentencing guidelines, the determination of the sentence must be made utilizing the factors set out in 18 U.S.C. § 3553.

When considering the factors set out by 18 U.S.C. § 3553, as discussed above, Mr. Berry is requesting the court to consider sentencing him to no more than eighty-four (84) months of prison followed by no more than 36 months of supervised release. Said sentence is sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553.

Respectfully submitted,

*/s/ Jawara Griffin*
Jawara Griffin,
Assistant Federal Defender
109 S. Highland Ave., Suite 105
Jackson, TN 38301
731-574-2107
Jawara-griffin@fd.org

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing has been forwarded by electronic means via the Court's electronic filing system, or if filed under seal, by hand delivery or by mailing same, postage to:

Ms. Debra Lynn Ireland
Assistant U.S. Attorney
167 North Main Street, Suite 800
Memphis, TN  38103

       This 17th day of November 2020.

                                                *s/ Jawara K. Griffin*____
                                                Assistant Federal Defender