AO 245B (Rev. 09/19)  Judgment in a Criminal Case
　　　　　　　　　　Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Tennessee

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MATTHEW BERRY | ) | Case Number: 1:19-cr-10114-STA-1 |
| | ) | USM Number: 31653-076 |
| | ) | Jawara Griffin |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 2 of the Indictment

☐ pleaded nolo contendere to count(s)
　which was accepted by the court.

☐ was found guilty on count(s)
　after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography | 6/25/2019 | 1 |
| 18 U.S.C. § 2552(a)(4) | Possession of Child Pornography | 6/25/2019 | 2 |

(B)

　　The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/23/2021
Date of Imposition of Judgment

s/S. Thomas Anderson
Signature of Judge

S Thomas Anderson, Chief U.S. District Court Judge
Name and Title of Judge

4/23/2021
Date

AO 245B (Rev. 09/19)  Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT:    MATTHEW BERRY
CASE NUMBER:  1:19-cr-10114-STA-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

220 months as to Count 1; 120 months as to Count 2; to run concurrently for TOTAL BOP SENTENCE of 220 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
  Defendant be evaluated and receive treatment/counseling for issues addressed in PSR.
  Defendant be housed as close to West TN as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page **3** of **7**

DEFENDANT: MATTHEW BERRY
CASE NUMBER: 1:19-cr-10114-STA-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years on all counts; to run concurrently

TOTAL SUPERVISED RELEASE: 5 years

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: MATTHEW BERRY
CASE NUMBER: 1:19-cr-10114-STA-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:   MATTHEW BERRY
CASE NUMBER:   1:19-cr-10114-STA-1

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall cooperate in the collection of DNA.

The defendant shall participate in mental health counseling as directed by the probation officer.

The defendant's employment and change of address must be approved by probation officer. (Justification: The defendant is a convicted sex offender. There is a need to protect the public by minimizing his risk of reoffending. The probation officer will need to assess if there are any minors living in any proposed residence or if the residence is located near a school or other places where the defendant has access to children. The probation officer will also need to monitor compliance of the defendant's sex offender registry requirements regarding the location of his residence. With respect to employment, the probation officer will need to assess if there are any third party risks related to the defendant's sex offender status.)

The defendant must participate in a specialized sex offender treatment program that may include use of a polygraph. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing the risk of reoffending. Due to the defendant's history of abuse, the use of a polygraph may provide assistance in determining the defendant's treatment needs or risk of reoffending.)

The defendant may not directly or indirectly have contact with any child under age 18, excluding biological children; and may not loiter near school yards, playgrounds, swimming pools, arcades, or other places frequented by children. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing his risk of reoffending. In addition, the defendant admitted to having sexual contact with a minor. Therefore, the defendant should avoid contact with children and places where children frequent.)

The defendant's place of residence may not be close in proximity to parks, playgrounds, public pools, or other locations frequented by children. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing his risk of reoffending. In addition, the defendant admitted to having sexual contact with a minor. Therefore, his place of residence should not be close to areas frequented by children.)

The defendant must abide by an evening curfew as set by the probation officer which may include submitting to remote monitoring, including wearing and maintaining a device for such purposes which may not be removed without the probation officer's permission. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing his risk of reoffending. This condition will assist the probation officer in monitoring the defendant's compliance with other special conditions including visits to areas frequented by children).

The defendant shall not possess, or use, an electronic device or computer with access to any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet Service Provider, bulletin
board system, or any other public or private network or e-mail system. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing his risk of reoffending. The defendant utilized a computer to access, view, and save images and videos of child pornography, as well as to contact minors. This limitation will aid in minimizing the defendant's ability to reoffend).

DEFENDANT: MATTHEW BERRY
CASE NUMBER: 1:19-cr-10114-STA-1

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall complete and comply with sex offender registration requirements, sex offender treatment conditions, polygraph examination condition, and shall follow the specific instructions of the probation officer in regard to these requirements. (Justification: This appears necessary to protect the public. The defendant is a convicted sex offender who has sex offender registration requirements. Compliance with the registration requirements, special conditions, and treatment requirements will assist in minimizing the risk of reoffending).

The defendant may not possess any sexually explicit material and may not use sexually oriented telephone numbers or services. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing his risk of reoffending. The defendant's possession of sexually explicit material or use of sexually oriented telephone numbers or services will be inconsistent with treatment goals).

The defendant must abide by limitations on whether, how or when a computer or Internet may be used. This includes general prohibitions on ownership or access as well as restricted access, as directed by the probation officer. (Justification: This limitation will minimize the defendant's ability to reoffend in this capacity).

The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, all electronic communications or data storage devices or media, including Wi-Fi and effects to search at any time, with or without a warrant, by a law enforcement or probation officer with reasonable suspicion concerning a violation. (Justification: The defendant is a convicted sex offender and there is a need to protect the public by minimizing his risk of reoffending. This limitation will aid in minimizing the defendant's ability to reoffend).

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 7

DEFENDANT: MATTHEW BERRY
CASE NUMBER: 1:19-cr-10114-STA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.